UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 1:25-cv-22758-DPG

BENJAMIN COUSINS, M.D., P.A.,

     **Plaintiff,**

v.

CIGNA HEALTH AND LIFE
INSURANCE COMPANY,

     **Defendant.**

_____/

## ORDER

**THIS CAUSE** comes before the Court upon Defendant Cigna Health and Life Insurance Company's ("Cigna") Motion for Summary Judgment ("Motion"). [ECF No. 57]. Plaintiff Benjamin Cousins, M.D., P.A., ("Plaintiff") did not file a response in opposition to Cigna's Motion. The Court has reviewed the Motion and the record and is otherwise fully advised. For the following reasons, the Motion is **GRANTED**.

## I.    BACKGROUND

### A.    Procedural History

On March 28, 2025, Plaintiff filed his lawsuit against Cigna in the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. [ECF No. 1–2 at 4–12]. On June 11, 2025, Plaintiff filed an Amended Complaint. *Id.* at 49–57. On June 18, 2025, Cigna removed the state court action to this Court based on diversity jurisdiction. [ECF No. 1].

Plaintiff's Amended Complaint alleges four claims against Cigna: breach of contract (Count I); quantum meruit (Count II); account stated (Count III); and unjust enrichment (Count IV). Cigna moved to dismiss Counts II–IV. [ECF No. 7]. Plaintiff did not file a response in

opposition to Cigna's Motion to Dismiss. The Court, therefore, dismissed Counts II–IV of Plaintiff's Amended Complaint. [ECF No. 9].

On July 10, 2026, Cigna moved for summary judgment on Plaintiff's remaining claim for breach of contract (Count I). [ECF No. 57]. Plaintiff, however, did not file a response in opposition to Cigna's Motion.

### B.     Factual Background[1]

Plaintiff is a non-contracted, out-of-network medical services provider seeking payment for medical services rendered to eleven separate patients (together, the "Patients"). [ECF No. 58 ¶ 1]. No contract exists between Cigna and Plaintiff. *Id.* ¶ 4. Plaintiff has identified the claims at issue by "Patient number" as follows:[2]

| Patient | Claim No. | Date of Service | Funding source/Plan type |
|---|---|---|---|
| Patient 1 | 191572563900 | 7/4/2019 | Self-funded ERISA plan |
| Patient 2 | 192579348700 | 11/11/2019 | Group-policy ERISA plan |
| Patient 3 | 9432130798676 | 10/14/2021 | Self-funded ERISA plan |
| Patient 4 | 191572563900 | 5/27/2019 | Self-funded ERISA plan |
| Patient 5 | 9682304191393 | 1/31/2023 | Self-funded ERISA plan |
| Patient 7 | 230977017200 | 3/26/2023 & 3/27/2023 | Self-funded ERISA plan |
| Patient 8 | 230977017200 | 2/12/2022 | Self-funded ERISA plan |
| Patient 9 | 22268679500 | 7/17/2022 | Self-funded ERISA plan but Cigna not the claims administrator |
| Patient 10 | 210537857400 | 3/2/2021 | Group-policy ERISA plan |
| Patient 11 | 7432115800500 | 5/4/2021 | Group-policy ERISA plan |
| Patient 13 | 221883069602 | 7/17/2022 | Self-funded ERISA plan |

*Id.* ¶¶ 2–3. Plaintiff's list does not contain Patients 6 or 12. *Id.* ¶ 2. This chart also identifies the funding source and plan type associated with each claim. *Id.* ¶ 3.

---

[1] Plaintiff neither responded to Cigna's Statement of Material Facts nor filed a Counterstatement of Material Facts. Thus, because Plaintiff "fail[ed] to properly address" Cigna's "assertion of fact[s]," the Court will "consider the fact[s] undisputed for purposes of th[is] motion." Fed. R. Civ. P. 56(e); *see also* S.D. Fla. L.R. 56(e) ("All material facts in any party's Statement of Material Facts may be deemed admitted unless controverted by the other party's Statement of Material Facts[.]").

[2] The list is attached as Exhibit A to Plaintiff's Complaint. [ECF No. 1–2 at 13].

(i)      Patient 1 – Claim 191572563900:

Patient 1 was covered by a self-funded healthcare plan established and funded by Kawa Capital Managements, Inc., as part of an employee welfare benefit plan under the Employee Retirement Income Security Act of 1974 ("ERISA") ("Kawa Plan"). *Id.* ¶ 5. Cigna does not insure the benefits under the Kawa Plan. *Id.* ¶ 6. Cigna provided an Explanation of Direct Deposit ("EDD") to Plaintiff, showing that Cigna processed the claim on August 8, 2019, and submitted payment, on behalf of the Kawa Plan, on August 9, 2019. *Id.* ¶ 7. Plaintiff submitted an appeal concerning the claim decision, and Cigna issued its appeal determination on March 6, 2020. *Id.* ¶ 8. The Kawa Plan contains an anti-assignment provision. *Id.* ¶ 9.

(ii)     Patient 2 – Claim 192579348700:

Patient 2 was a covered participant in the Spanish Broadcasting System, Inc., Health & Welfare Plan, which is an employee welfare benefit plan under ERISA ("SBS Plan"). *Id.* ¶ 10. The healthcare benefits for the SBS Plan are funded by a group policy of insurance issued by Cigna to Spanish Broadcasting System, Inc., the Plan Sponsor and Plan Administrator of the SBS Plan. *Id.* ¶ 11. Cigna provided an Explanation of Payment ("EOP") to Plaintiff, showing that Cigna received the claim on December 5, 2019. *Id.* ¶ 12. Cigna processed the claim and issued payment on December 14, 2019. *Id.* On December 16, 2019, Cigna also sent correspondence to Patient 2 and to Plaintiff, further explaining that some of the services rendered on November 11, 2019, were not covered because they were deemed not medically necessary. *Id.* ¶ 13. Plaintiff submitted an appeal request concerning the claim decision, and Cigna issued its appeal determination as to all procedures other than CPT code 25280 on February 14, 2020. *Id.* ¶ 14. On March 4, 2020, Cigna issued its appeal determination as to the CPT code 25280. *Id.* ¶ 15. The SBS Plan contains an anti-assignment provision. *Id.* ¶ 16.

      (iii)     <u>Patient 3 – Claim 9432130798676</u>:

Patient 3 was covered by a self-funded healthcare plan established and funded by the Morgan Firm, Inc., d/b/a Morgan and Morgan, P.A., as part of an employee welfare benefit plan under ERISA ("Morgan Plan"). *Id.* ¶ 17. Cigna does not insure the benefits under the Morgan Plan. *Id.* Cigna provided the Provider Explanation of Medical Benefits ("PEMB") and EDD to Plaintiff, showing that Cigna processed the claim and submitted payment on the Morgan Plan's behalf on November 30, 2021. *Id.* ¶ 18. The Morgan Plan contains an anti-assignment provision. *Id.* ¶ 19.

      (iv)     <u>Patient 4 – Claim 191572563900</u>:

Patient 4 was covered by a self-funded healthcare plan established and funded by Graspa Consulting, Inc., as part of an employee welfare benefit plan under ERISA ("Graspa Plan"). *Id.* ¶ 20. Cigna does not insure the benefits under the Graspa Plan. *Id.* ¶ 21. Cigna provided the EDD to Plaintiff, showing that Cigna received the claim on July 18, 2019. *Id.* ¶ 22. Cigna processed the claim on August 2, 2019, and submitted payment on the Graspa Plan's behalf on August 6, 2019. *Id.* Plaintiff submitted an appeal request concerning the claim decision, and Cigna issued its appeal determination on March 6, 2020. *Id.* ¶ 23. The Graspa Plan has an anti-assignment provision. *Id.* ¶ 24.

      (v)     <u>Patient 5 – Claim 9682304191393</u>:

Patient 5 was covered by a self-funded healthcare plan established and funded by Ferreira Construction Company, Inc., as part of an employee welfare benefit plan under ERISA ("Ferreira Plan"). *Id.* ¶ 25. Cigna does not insure the benefits for the Ferreira Plan. *Id.* ¶ 26. PEMBs were issued by Cigna on February 24, 2023, and April 11, 2023, showing that Cigna received the claim on February 17, 2023, and processed the claim on February 24, 2023, and April 11, 2023. *Id.* ¶ 27. The Ferreira Plan contains an anti-assignment provision. *Id.* ¶ 28.

(vi)     Patient 7 – Claim 230977017200:

Patient 7 was covered by a self-funded healthcare plan established and funded by Homecare Software Solutions, LLC d/b/a HHAeXchange as part of an employee welfare benefit plan under ERISA ("Homecare Software Plan"). *Id.* ¶ 29. Cigna does not insure the benefits under the Homecare Software Plan. *Id.* ¶ 30. The EDD provided by Cigna to Plaintiff shows Cigna processed the claim on April 17, 2023, and submitted payment on the Homecare Software Plan's behalf on April 19, 2023. *Id.* ¶ 31. The Homecare Solutions Plan contains an anti-assignment provision. *Id.* ¶ 32.

(vii)    Patient 8 – Claim 8652205046217:

Patient 8 was covered by a self-funded healthcare plan established and funded by Angel Oak Companies as part of an employee welfare benefit plan under ERISA ("Angel Oak Plan"). *Id.* ¶ 33. Cigna does not insure the benefits under the Angel Oak Plan. *Id.* ¶ 34. The PEMB issued by Cigna to Plaintiff shows the claim was received by Cigna on February 22, 2022, and processed on March 2, 2022. *Id.* ¶ 35. The Angel Oak Plan has an anti-assignment provision. *Id.* ¶ 36.

(viii)   Patient 9 – Claim 22268679500:

Patient 9 was not covered by a healthcare plan for which Cigna provides administrative services and was not covered by a group policy of insurance issued by Cigna. *Id.* ¶ 37. Cigna was not involved with the processing of Plaintiff's claim for Patient 9. *Id.* ¶ 38.

(ix)     Patient 10 – Claim 210537857400:

Patient 10 was a covered participant in the Furnished Quarters Holdings, LLC, Plan, which is a healthcare benefit plan under ERISA ("Furnished Quarters Plan"). *Id.* ¶ 39. The healthcare benefits for the Furnished Quarters Plan are funded by a group policy of insurance issued by Cigna to Furnished Quarters Holdings, LLC, the Plan Sponsor and Plan Administrator. *Id.* ¶ 40. The EDD

issued by Cigna to Plaintiff shows that Cigna processed the claim on April 8, 2021, and issued payment on April 12, 2021. *Id.* ¶ 41.

> (x)    Patient 11 – Claim 7432115800500:

Patient 11 was a covered participant in the Club Med Health & Welfare Plan, which is a healthcare benefit plan under ERISA ("Club Med Plan"). *Id.* ¶ 42. The healthcare benefits for the Club Med Plan are funded by a group policy of insurance issued by Cigna to Club Med Sales, Inc., the Plan Sponsor and Plan Administrator. *Id.* ¶ 43. The PEMB issued by Cigna to Plaintiff shows Cigna received the claim on June 7, 2021, and processed the claim on July 1, 2021. *Id.* ¶ 44. The Club Med Plan has an anti-assignment provision. *Id.* ¶ 45.

> (xi)    Patient 13 – Claim 221883069602:

Patient 13 was covered by a self-funded healthcare plan established and funded by Landmark Worldwide as part of an employee welfare benefit plan under ERISA ("Landmark Plan"). *Id.* ¶ 46. Cigna does not insure the healthcare benefits for the Landmark Plan. *Id.* ¶ 47. The EDD provided by Cigna to Plaintiff shows that the claim was received by Cigna on July 21, 2022, and processed on September 10, 2022. *Id.* ¶ 48. The Landmark Plan has an anti-assignment provision. *Id.* ¶ 49.

## II.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 56(a), summary judgment "is appropriate only if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam) (*quoting* Fed. R. Civ. P. 56(a)) (internal quotation marks omitted). "By its very terms, this standard provides that the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no **genuine** issue of **material** fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986)

(emphasis in original). An issue is "genuine" when a reasonable trier of fact, viewing all the record evidence, could rationally find in favor of the nonmoving party in light of his burden of proof. *Harrison v. Culliver*, 746 F.3d 1288, 1298 (11th Cir. 2014). And a fact is "material" if, "under the applicable substantive law, it might affect the outcome of the case." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1259–60 (11th Cir. 2004). "Where the material facts are undisputed and all that remains are questions of law, summary judgment may be granted." *Eternal Word Television Network, Inc. v. Sec'y of U.S. Dep't of Health & Human Servs.*, 818 F.3d 1122, 1138 (11th Cir. 2016).

The Court must construe the evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *SEC v. Monterosso*, 756 F.3d 1326, 1333 (11th Cir. 2014). But to prevail on a motion for summary judgment, "the nonmoving party must offer more than a mere scintilla of evidence for its position; indeed, the nonmoving party must make a showing sufficient to permit the jury to reasonably find on its behalf." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).

## III.   ANALYSIS

The Amended Complaint asserts breach of contract against Cigna. Plaintiff, a health care provider, alleges that he provided medical services to the Patients, who were subscribers to insurance policies issued by Cigna. [ECF No. 1–2, Am. Comp. ¶¶ 31–36, 39, 41]. According to Plaintiff, the health care coverage offered by Cigna to the Patients was in effect at the time Plaintiff provided the medical services. *Id.* ¶ 38. Plaintiff also alleges that the Patients assigned the benefits of their insurance policies to Plaintiff to seek payments from Cigna. *Id.* ¶ 40. Plaintiff submitted a claim for payment to Cigna for the medical services rendered. *Id.* ¶¶ 43–45. Plaintiff alleges that Cigna still owes him (and is obligated to pay) the sum of $167,947.86. *Id.* ¶¶ 48–49. Because Cigna

7

refused to pay this sum, Plaintiff alleges that Cigna breached its contractual obligation, which caused damage to Plaintiff. *Id.* ¶¶ 50–51.

Cigna argues that it is entitled to summary judgment on Plaintiff's breach of contract claim because it is barred by ERISA preemption, the statute of limitations, and anti-assignment provisions.

### A.      Plaintiff's Claim is Barred by ERISA Preemption

Cigna argues that because the breach of contract claim requires consideration of each of the Patients' healthcare plans to assess their respective benefit determinations, it therefore "relates to" the ERISA-governed plans, which defensively preempts the claim. [ECF No. 57, Mot. at 5–6]. Defensive preemption bars state-law claims and exists when a claim "relate[s] to any employee benefit plan . . . ." 29 U.S.C. § 1144(a); *In re Managed Care Litig.*, 595 F. Supp. 2d 1349, 1355 (S.D. Fla. 2009) ("Defensive preemption applies broadly to any claim that 'relates to' an ERISA plan[.]") (citation omitted). A claim "relates to" a benefit plan if "it has a connection with or reference to such a plan." *Shaw v. Delta Air Lines, Inc.*, 463 U.S. 85, 96–97 (1983).

Here, Plaintiff alleges Cigna breached their insurance policies, which necessarily have a connection to the Patients' ERISA plans. [ECF No. 1–2, ¶ 50]. Accordingly, the claim is defensively preempted, and summary judgment must be granted in Cigna's favor as to this claim. *See Jackson v. Martin Marietta Corp.*, 805 F.2d 1498, 1500 (11th Cir. 1986) (affirming summary judgment on a breach of contract claim because it was defensively preempted as it had a connection to the employee benefit plan); *see also Alcalde v. Blue Cross & Blue Shield of Florida, Inc.*, 62 F. Supp. 3d 1360, 1365 (S.D. Fla. 2104) (dismissing a breach of contract claim because it was defensively preempted as it related to the ERISA plans); *Healthcare Ally Mgmt. of California,*

*LLC v. Blue Cross & Blue Shield of Florida, Inc.*, No. 0:23-CV-61285, 2025 WL 3777060, at \*10 (S.D. Fla. Feb. 12, 2025) (same).

### B. Plaintiff's Claims for Patients 1, 2, and 4 are Barred by the Statute of Limitations

In Florida, the statute of limitations for breach of contract claims is five years. *Tillman v. Advanced Pub. Safety, Inc.*, No. 15-81782-CIV, 2016 WL 11501680, at \*9 (S.D. Fla. Nov. 14, 2016). (*citing* Section 95.11(2)(b), Fla. Stat.). The five-year limitation "begins to run when the insurer has denied the insured's claim" and "fail[ed] to pay benefits under the policy[.]" *Cmty. Bank of Fla. v. Progressive Cas. Ins. Co.*, No. 12-CV-20430-UU, 2013 WL 12093842, at \*4 (S.D. Fla. Feb. 25, 2013); *J.J. Gumberg Co. v. Janis Servs., Inc.*, 847 So. 2d 1048, 1050 (Fla. 4th DCA 2003) ("In regard to insurance contracts, a specific refusal to pay a claim is the breach which triggers the cause of action and begins the statute of limitations running.") (citation omitted).

Here, Plaintiff asserts that he submitted claims for payment of benefits for the medical services rendered to Patients 1, 2, and 4 under their insurance policies and that Cigna refused to pay them. The undisputed record shows that Cigna processed and adjudicated the claims for these patients more than five years before Plaintiff filed the lawsuit on March 28, 2025. Therefore, these claims are barred by the statute of limitations, and Cigna is entitled to summary judgment as to the claims for Patients 1, 2, and 4.

### C. Anti-Assignment Provisions Bar Nine of the Claims

Plaintiff alleges that each Patient has executed an assignment authorizing Plaintiff to seek payment from Cigna for the medical services provided by Plaintiff. But the undisputed record shows that the underlying healthcare plans for Patients 1, 2, 3, 4, 5, 7, 8, 11, and 13 contain an anti-assignment provision that prohibits the assignment of benefit claims.

9

As the Eleventh Circuit has explained, "[b]ecause ERISA-governed plans," like underlying healthcare plans here, "are contracts, the parties are free to bargain for certain provisions in the plan—like assignability. Thus, an unambiguous anti-assignment provision in an ERISA-governed welfare benefit plan is valid and enforceable." *Physicians Multispecialty Grp. v. Health Care Plan of Horton Homes, Inc.*, 371 F.3d 1291, 1296 (11th Cir. 2004). Accordingly, because the anti-assignment clause "clearly and unambiguously prohibits [the Patients] from assigning benefits to" Plaintiff, "the anti-assignment clause precludes [Plaintiff's] maintenance of an ERISA action." *Id.*

> **D.      Plaintiff Cannot Establish a Claim Against Cigna for Patient 9**

Lastly, Cigna argues that it was neither the insurer nor the claims administrator for the self-funded ERISA plan that covered Patient 9. [ECF No. 57 at 10]. Accordingly, since Cigna was not involved in adjudicating the claim at issue for Patient 9, summary judgment must be granted in Cigna's favor for this claim.

## IV.      CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1.      Defendant Cigna Health and Life Insurance Company's Motion for Summary Judgment, [ECF No. 57], is **GRANTED**.

2.      Final Judgment will be entered separately.

3.      This case is **CLOSED**, and all pending motions are **DENIED** as **MOOT**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 31st day of July 2026.

_____

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**