**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

**Case No. 1:25-cv-22758-GAYLES**

**BENJAMIN COUSINS, M.D., P.A.,**

**Plaintiff,**

**v.**

**CIGNA HEALTH AND LIFE INSURANCE COMPANY,**

**Defendant.**
_______________________________________/

## ORDER

**THIS CAUSE** comes before the Court on Plaintiff's Motion for Relief from Final Judgment Pursuant to Federal Rule of Civil Procedure 60(b)(1) ("Motion"). [ECF No. 63]. Defendant filed a Response in Opposition to the Motion. [ECF No. 65]. Plaintiff did not file a Reply. The Court has reviewed the Motion and the record and is otherwise fully advised. For the reasons that follow, the Motion is **DENIED**.

On July 10, 2026, Defendant filed its Motion for Summary Judgment and Statement of Material Facts. [ECF Nos. 57, 58]. Under the Court's Local Rule 7.1(c)(1), Plaintiff was required to respond to both within fourteen (14) days. Plaintiff responded to neither. Nor did Plaintiff seek an extension. On July 31, 2026, the Court granted Defendant's Motion for Summary Judgment, [ECF No. 59]; and on August 25, 2026, the Court entered a Final Judgment in Defendant's favor and closed the case, [ECF No. 60]. More than seven (7) weeks after the Court granted Defendant's Motion for Summary Judgment (and nearly a month after the Court entered Final Judgment),

Plaintiff moved to vacate the Final Judgment, reopen the case, and allow it to file its Response in Opposition to Defendant's Motion for Summary Judgment. [ECF No. 63]. Explaining his excusable neglect to vacate the Final Judgment, Plaintiff's counsel states that "[a]t the time relevant to the missed deadline, undersigned counsel was outside the United States on a previously planned honeymoon in Africa." [ECF No. 63 at 1]. And during his "absence from the country, the deadline was inadvertently not calendared and [he] did not become aware that the deadline had passed until Final Judgment was entered." *Id.* Plaintiff provides no specifics about the dates or location of his honeymoon trip or whether anyone was tasked with reviewing case filings while he was away.

To begin, Plaintiff's counsel claims that this instance is "an isolated procedural mistake by [him]." [ECF No. 63 at 2]. Not so. Throughout this proceeding, Plaintiff's counsel has shown a consistent pattern of non-compliance with the Court's deadlines and Local Rules. Plaintiff first failed to timely respond to Defendant's Motion to Dismiss Counts II–IV of the Amended Complaint; so the Court granted the Motion to Dismiss by default. [ECF No. 9]. Then, during discovery, Magistrate Judge Shaw-Wilder entered an Order *sua sponte* striking Plaintiff's discovery notices because they violated Local Rule 26.1(b). [ECF No. 30]. Despite that Order, Plaintiff's counsel improperly filed additional discovery notices. In response, Judge Shaw-Wilder issued an Order striking those additional discovery notices, finding that "Plaintiff continues to disregard the Local Rule" and requiring Plaintiff to show cause "as to why sanctions should not be imposed for [its] repeated noncompliance with the Court's Orders and Local Rule 26.1(b)." [ECF No. 41].

Following a hearing, Judge Shaw-Wilder sanctioned Plaintiff's counsel by ordering him to "(1) review in full the Local Rules of the United States District Court for the Southern District of

Florida, and (2) complete a Continuing Legal Education ("CLE") course or webinar addressing case management and docketing practices, such as the CLE titled 'Legal Time Management: Best Practices for Calendaring, Delegation, and Organization.'" [ECF No. 45]. Plaintiff's counsel filed a Notice certifying that he "completed [a] webinar CLE [titled] 'Organize Your Busy Firm (and Your Life!) With Calendaring Best Practices[.]'" [ECF No. 46]. Had Plaintiff's counsel fully implemented this CLE in his practice, he would have timely responded to Defendant's Motion for Summary Judgment or sought an extension of time to do so.

"Rule 60(b) motions," like Plaintiff's Motion, "are directed to the sound discretion of the district court[.]" *Cheney v. Anchor Glass Container Corp*., 71 F.3d 848, 849 n.2 (11th Cir. 1996). "Whether a party's non-compliance with a deadline constitutes 'excusable neglect' is an equitable decision turning on 'all relevant circumstances surrounding the party's omission.'" *Chege v. Georgia Dep't of Juv. Just*., 787 F. App'x 595, 598 (11th Cir. 2019) (citation omitted). And the "factors pertinent to this determination include these elements: 'the danger of prejudice to the [opposing party], the length of the delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.'" *Id.* Plaintiff "must demonstrate a justification so compelling that the court [is] required to vacate its order." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., Inc*., 803 F.2d 1130, 1132 (11th Cir. 1986). To be clear, "an attorney's negligent failure to respond to a motion does not constitute excusable neglect, even if that attorney is preoccupied with other litigation." *Id.*

Here, after considering these factors, the Court finds that Plaintiff has not demonstrated excusable neglect that justifies relief from the Court's Final Judgment. Indeed, Plaintiff's counsel

concedes that the "circumstance" surrounding his excusable neglect "does not mandate relief" from the Final Judgment. [ECF No. 63 at 2]. Accordingly, Plaintiff's Motion is **DENIED**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this 5th day of November, 2026.

**DARRIN P. GAYLES**
**UNITED STATES DISTRICT JUDGE**